# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | Case No. 1:15CR00003-004 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CARROLL WILLIAM BLEVINS,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Rachel Barish Swartz, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from his sentence.  The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1]  The defendant's motion has been fully briefed and is ripe for decision.

---

[1]  The Sentencing Commission has adopted such policy provisions.  Those policies provide in pertinent part that release may be granted if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not

I.

Blevins was sentenced by this court on September 17, 2015, after pleading guilty to conspiring to manufacture, distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).  In a written Plea Agreement, the government also agreed not to file an Information for one of his prior felony drug convictions, so that he would not face an enhanced sentence pursuant to 21 U.S.C. § 851.  The court determined that he had a sentencing range of 168 months to 210 months based on a Total Offense Level of 31 and a criminal history category of V.  The court sentenced him to the low end of the guidelines range to 168 months imprisonment.  His present projected release date is May 13, 2027.

Blevins has been diagnosed with anxiety and chronic viral hepatitis C while incarcerated.  Bureau of Prisons Health Services, Clinical Health Encounter 23, ECF No. 1109-1.  Blevins has also become obese during his incarceration, which

---

a danger to the safety of any other person or to the community."  U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018).  Those policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate.  But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the Bureau of Prisons ("BOP") is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community."  *Id.* at cmt. n.4.

increases his risks for various health conditions. Blevins is incarcerated at FCI Beckley, in Beaver, West Virginia. FCI Beckley has not had any coronavirus cases amongst the inmates nor the staff as of July 7, 2020. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 7, 2020).

Blevins requested compassionate release from the BOP on April 1, 2020. The Warden denied his request on April 9, 2020. Blevins filed a pro se motion with this court on May 21, 2020, seeking a reduction in his sentence based on his purported health risks from the ongoing coronavirus pandemic and the inability to social distance in the prison. The court appointed the Federal Public Defender to represent Blevins and that office filed a supplemental motion on his behalf, contending that Blevins' chronic hepatitis C and obesity increased his risk of contracting Covid-19 if he is exposed to the coronavirus at FCI Beckley. It was also claimed that the BOP was not treating him for his hepatitis C, even though it is a serious liver condition that may put him at higher risk for Covid-19. It was asserted that the BOP is not doing enough to protect prisoners, so that Blevins must be released to prevent his infection.

In its response, the United States argued that the BOP has adopted adequate policies to protect inmates and staff from infection. The government contended that Blevins's underlying health conditions do not put him at a higher risk of contracting Covid-9, as well as asserted that Blevins is not a good candidate for compassionate

release due to his extensive criminal record, his recidivism risk, and his continued

misconduct while incarcerated.[2]  The government concluded that Blevins's did not

have a viable home plan, as he was previously homeless and unemployed.  Blevins

responded with a potential home plan to stay with his elderly grandmother, and he

insisted that he should be able to obtain employment if he is released now.

## II.

The government does not contend that Blevins has failed to fully exhaust his

administrative remedies, even though the Warden denied his request for relief.[3]   If

the government had not waived the exhaustion requirement, Blevins would have had

to complete the full BOP administrative appeals process before turning to this court

---

[2]  In a more recent filing, the government conceded, based on a recent revision to a Centers for Disease Controls' guidance, that Blevins' Body Mass Index does in fact identify with an increased risk of severe illness from Covid-19.  Gov't's Status Update 2, ECF No. 1117 (June 30, 2020).

[3]  In considering § 3582(c)(2), regarding retroactive amendments to the sentencing guidelines, which is another exception to the statutory direction that the court cannot modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence did not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 274–75 (4th Cir. 2017) (noting that "[t]he Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such") (citing and quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)).  Based on this precedent, I do not find that failure to exhaust administrative remedies is a jurisdictional bar under § 3582(c)(1)(A) and thus it can be waived by the government.

- 4 -

for relief.  *See United States v. Nance*, No. 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020).  Therefore, his motion is ripe for consideration.

The USSG advises that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether such a reduction is consistent with the policy statement.  USSG § 1B1.13.

Blevins is 33 years old.  He graduated high school and attended Virginia Highlands Community College, where he obtained a machinist certificate.  He has a limited work history, and he has primarily worked in convenience stores, fast food restaurants, a grocery store, and a manufacturing facility when not incarcerated. Blevins has never been married and does not have any children.  Blevins has an extensive criminal history that includes numerous convictions for shoplifting, driving suspended, and destruction of property.  He also has a long substance-abuse history.

The facts supporting his conviction are serious in nature.  Blevins was involved in a large methamphetamine distribution network, in which he personally used, distributed, and manufactured methamphetamine.  Blevins also purchased money cards to pay for the methamphetamine shipped from the western part of the

United States, as well as retrieved packages that were shipped to the leader of the conspiracy. When the conspiracy's main supplier did not have methamphetamine, Blevins would manufacture the drug himself to keep the conspiracy supplied until their supplier was stocked again.

The parties stipulated that Blevins was accountable for at least 500 grams of crack cocaine, but his Presentence Investigation Report found that he was likely accountable for over 1.5 kilograms. Blevins has demonstrated an inability to comply with requirements, including attending court when required to, and he committed the crimes for which he is currently incarcerated while on supervision for a state conviction. He has also committed one infraction while incarcerated. Ultimately, Blevins has shown a consistent refusal to follow the rules both while on supervision and since he has been incarcerated, and he may continue this noncompliance if he were to be released at this stage. While I do not discount some risk to Blevins while incarcerated, considering all of the facts and the § 3553(a) factors, including the need for deterrence and to protect the public, I find that Blevins is not qualified for such extraordinary relief.

III.

For the reasons stated, it is **ORDERED** that the defendant's motions, ECF

Nos. 1092 and 1104, are DENIED.

ENTER:   July 8, 2020

/s/  JAMES P. JONES
United States District Judge