Case 1:15-cr-00003-JPJ-PMS   Document 1314   Filed 02/23/26   Page 1 of 5
Pageid#: 11787

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

February 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:15CR00003-004 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CARROLL WILLIAM BLEVINS,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Carroll Williams Blevins, Pro Se; Rachel Barish Swartz, Assistant United States Attorney, Charlottesville, Virginia, for United States.*

Defendant Carroll William Blevins, previously sentenced by this court, has filed a pro se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Blevins argues that his sentence should be reduced to time served because he is the only available caretaker to tend to his father, who is disabled. For the following reasons, Blevins's motion will be denied.

I. BACKGROUND.

On April 1, 2015, Blevins pleaded guilty to conspiring to manufacture, distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). On September 17, 2015, he was sentenced to 168 months of imprisonment, the low end of the guidelines range. Blevins alleges that his incapacitated father, his rehabilitation, and unapplied First Step Act time credits warrant his release.

## II. STANDARD OF REVIEW.

The governing statute permits a sentencing reduction if "extraordinary and compelling reasons warrant such a reduction" and the reduction aligns with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A); *see also* 28 U.S.C. § 994(t) (directing Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). Under those policy statements, a defendant's sentence may be reduced due to family circumstances if the defendant's immediate family member "or an individual whose relationship with the defendant is similar in kind to that of an immediate family member" is incapacitated, and the defendant is the "only available caregiver." U.S. Sent'g Guidelines Manual (USSG) § 1B1.13(b)(3)(D) (U.S. Sent'g Comm'n 2025) (defining "immediate family member" as a child, spouse or registered partner, parent, grandchild, grandparent, or sibling).

The Bureau of Prisons (BOP) defines incapacitation as having "suffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is completely disabled, meaning that the spouse or registered partner cannot carry on any self-care and is totally confined to a bed or chair." U.S. Dep't of Justice, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, Federal Bureau of Prisons Program Statement No. 5050.50 (Jan. 17, 2019),

https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *see, e.g., United States v. Collins*, No. 15-10188-EFM, 17-10061-EFM, 2020 WL 136859, at *4 n.13 (D. Kan. Jan. 13, 2020) (finding that, although the Program Statement governs "how the BOP reviews an inmate's request for reduction in sentence," it "provide[s] guidance for courts as well").

In making its determination, the court may consider other circumstances or combinations of circumstances similar in gravity to those described in the Guidelines Manual. USSG § 1B1.13(b)(5). If the court finds extraordinary and compelling circumstances, it must then consider the applicable § 3553(a) factors to determine if a sentence reduction is appropriate. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

### III.  DISCUSSION.

The reasons that Blevins provides for a reduction in his sentence do not rise to the level of extraordinary and compelling as required under the statute. First, Blevins requests his release so that he may provide care for his father, who he asserts is disabled and unable to care for himself. He also alleges that his father cannot walk or stand even for a short period of time. Blevins has submitted medical records outlining some of his father's health challenges. However, as the government notes, these records do not indicate that Blevins's father is bedridden. As discussed above, the BOP indicates that the standard for incapacitation is that the person "cannot carry

on any self-care and is totally confined to a bed or chair." U.S. Dep't Justice, *supra*. Blevins has not provided documentation suggesting that his father struggles with this level of disability.

Further, to merit release, the defendant must be the only available caregiver. Blevins describes family hardships in his motion, but despite those hardships, he has not shown that he is the only individual available to care for his father. Therefore, the caregiving needs of Blevins's father do not meet the standard required to merit release at this time.

Second, Blevins argues that he has rehabilitated himself while incarcerated. He describes the educational and psychological programming that he has undertaken at FCI Beckley. He also emphasizes that he has been a leader in recreational and religious activities in prison. I commend Blevins on his efforts to better himself and take advantage of offerings available while incarcerated. However, rehabilitation alone is not a justification for a reduction in sentence.

Third, Blevins claims that he has First Step Act time credits that, if applied, would enable him to be released to home confinement. As Blevins explains, he has not yet reached a "low" recidivism PATTERN score. Mot. 6, Dkt. No. 1308. Under First Step Act earned time credit policies, "[i]ndividuals whose PATTERN risk levels are medium or high may receive early transfer to supervised release or to prerelease custody only upon approval by the warden of their facility." U.S.

Sentencing Commission, *First Step Act Earned Time Credits* (Dec. 2024), https://www.ussc.gov/sites/default/files/pdf/training/first-step-act/data-snapshot_FSAETC.pdf.  Blevins notes that he contacted his warden but did not receive a response.  This claim is not one recognized under the Sentencing Commission's policy statements.  Moreover, a dispute over the length of sentence is a matter of habeas jursidiction of the United States District Court of the district in which he is imprisoned.

Finally, Blevins argues that the § 3553(a) factors weigh in favor of his release. He explains that he was a low-level participant in the distribution conspiracy and that he has taken several steps to reduce his risk to the public.  While these things may be true, Blevins was already sentenced to the low end of the guidelines range. A further downward departure would not serve the interests of justice.

IV.  Conclusion.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, Dkt. No. 1308 is DENIED.

ENTER:   February 23, 2026

/s/  James P. Jones
Senior United States District Judge